UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30207
Summary Calendar
_____


DEXTER L. ASHWORTH,

Plaintiff-Appellant,

versus

SHIRLEY L. CHATER,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Western District of Louisiana
_____


September 19, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Dexter L. Ashworth appeals the district court's dismissal of his complaint regarding the denial of his claim for Social Security disability insurance benefits and supplemental security income. For the reasons stated, we will affirm in part and vacate and remand in part.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

I.

This case arises out of Ashworth's second set of applications for disability insurance benefits and supplemental security income. In connection with his second set of applications, the Administrative Law Judge (ALJ) denied Ashworth benefits initially on November 13, 1989. The Appeals Council denied review. On appeal, the district court remanded to allow Ashworth the opportunity to cross-examine Dr. G.R. Morin, a psychiatric expert witness.

On remand, Dr. Morin was unavailable for cross-examination, and his report was expunged. The ALJ received the report of another psychiatrist, Dr. Sam Benbow, and also entertained testimony from a vocational expert, Dr. John W. Grimes. The ALJ again found that Dexter Ashworth was not disabled. Specifically, the ALJ found that Ashworth was not able to perform his past relevant work as a truck driver, that his residual functional capacity for the full range of sedentary work was "reduced" by his nonexertional limitations, and that his "capacity for the full range of sedentary work has not been significantly compromised by his additional nonexertional limitations." The Appeals Council denied review. Ashworth once again sought judicial review in district court and moved for summary judgment. This time the district court dismissed Ashworth's complaint with prejudice. This appeal under 42 U.S.C. § 405(g) followed.

Ashworth contends that the ALJ failed to base his findings on the testimony of a vocational expert as required under *Scott v. Shalala*, 30 F.3d 33, 34 (5th Cir. 1994). Ashworth and the

Commissioner agree that vocational expert testimony was required, but for different reasons. ALJ's Finding No. 12 (that Ashworth's "capacity for the full range of sedentary work has not been significantly compromised by his additional nonexertional limitations") is the source of some confusion. Ashworth contends that this finding is not supported by substantial evidence and that, absent such a finding, the ALJ was required to base its decision on the testimony of a vocational expert rather than on the Medical-Vocational Guidelines.[1] The Commissioner responds that Finding No. 12 contains a typographical error and that the ALJ in fact found that Ashworth's capacity for the full range of sedentary work *was* significantly compromised by his nonexertional limitations. As a result, the Commissioner and Ashworth agree that the ALJ could not base his decision on the Medical-Vocational Guidelines alone, but was required to look to vocational expert testimony. Ashworth and the Commissioner, however, disagree about whether the ALJ in fact based his findings on the vocational expert's testimony. The resolution of this disagreement forms the first question in this appeal.

Ashworth also argues that his due process rights were violated because the hearing notice he received instructed him to be

---

[1] Ashworth also argues that if his full range of sedentary work was significantly compromised, the ALJ would have been required by Social Security Ruling 83-12 to consider Rule 200.01(h) of Appendix 2, Subpart P, part 404, which directs that a finding of disabled is not precluded for younger individuals. Ashworth raises this argument as a separate point of error. We need not address the issue at this time because the very finding upon which Ashworth's argument turns, ALJ's Finding No. 12, is yet to be clarified on remand.

prepared to prove that he was disabled as of the hearing date and failed to apprise him that to be eligible for disability insurance benefits he had to prove that he was disabled as of the "date last insured." We address the two questions in turn.

II.

*The Vocational Expert and the ALJ's Findings*

In reviewing a disability determination, we limit our inquiry to two issues: (1) whether substantial evidence exists in the record, considered as a whole, to support the Commissioner's findings, and (2) whether any errors of law were committed. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992). If substantial evidence supports the Commissioner's findings, those findings are conclusive and must be affirmed. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422, 28 L.Ed.2d 842 (1971).

In evaluating a disability claim, the Commissioner must follow a five-step sequential process, the first four steps of which place the burden on the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). The Commissioner must consider (1) whether the claimant is engaging in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the impairment is listed, or equivalent to, an impairment listed in Appendix 1 of the regulation, (4) whether the impairment prevents the claimant from doing past relevant work, and (5) whether the impairment prevents the claimant from performing any other substantial gainful

4

activity.  20 C.F.R. § 404.1540; *see also Anthony*, 954 F.2d at 293.
At the fifth step, the burden shifts to the Commissioner to show
that the claimant can perform substantial gainful activity.  *Muse*,
925 F.2d at 789.[2]

The Commissioner can rely exclusively on the Medical-
Vocational Guidelines to meet her Step-Five burden to establish
that the claimant can perform substantial gainful activity only if
the guidelines' "'evidentiary underpinnings coincide exactly with
the evidence of disability appearing on the record.'" *Scott*, 30
F.3d at 34 (quoting *Lawler v. Heckler*, 761 F.2d 195, 197 (5th Cir.
1985) (internal quotations omitted)).  But if the claimant has both
exertional and nonexertional impairments and the nonexertional
limitations significantly affect his residual functional capacity,
then the ALJ must base his or her findings on a vocational expert's
testimony or other similar evidence.  *Fraga v. Bowen*, 810 F.2d
1296, 1304 (5th Cir. 1987); *see Wingo v. Bowen*, 852 F.2d 827, 830
(5th Cir. 1988); *Ferguson v. Schweiker*, 641 F.2d 243, 248 (5th Cir.
1981).

Although the guidelines may serve as a framework for a
disability determination in conjunction with the testimony of a
vocational expert, the ALJ must make clear that his or her findings
are based on a vocational expert's testimony or other similar
testimony.  *See Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir.

---

[2]  If the Commissioner makes this showing, the burden then shifts
back to the claimant to show that he cannot perform the work
suggested.  *Id.*  In reviewing Ashworth's case, the ALJ reached Step
Five before determining that Ashworth was not disabled.

1995).  In *Vaughan*, the ALJ used the Guidelines, but also *expressly relied* upon the vocational expert's testimony in his findings.  We accordingly upheld a finding that the claimant was not disabled. *Id.*

The bare fact that the ALJ avails himself of a vocational expert's testimony is not sufficient.  In *Scott v. Shalala*, the ALJ entertained testimony from a vocational expert, but made only "vague and confusing reference to [the vocational expert's] testimony in his findings." *Scott*, 30 F.3d at 35.  Because we were unable conclude that the ALJ properly considered the vocational expert's testimony, we remanded for thorough consideration of that testimony.  *Id.*

Similarly, the ALJ's findings here do not demonstrate that he relied upon the testimony of the vocational expert in finding that Ashworth was not disabled.   The ALJ discussed the vocational expert's testimony in the language prefatory to his findings, but he made no express findings based on that testimony, nor did he refer to the vocational expert's testimony in his findings.[3] Although the prefatory language makes this a close case, we will

---

[3]  Ashworth suggests that the ALJ did not base his findings on the vocational expert's testimony because that testimony was defective.  We do not pass on whether the vocational expert's testimony would constitute substantial evidence in support of a finding that Ashworth was not disabled nor do we reach whether there was substantial evidence to support a finding that Ashworth's residual capacity was not significantly compromised by his nonexertional limitations.  In this regard, however, we are troubled by the ALJ's apparent failure to address Dr. Benbow's conclusion that Ashworth's depression did not render him incapable of employment by itself, but that, in combination with a real physical disability, it would "contribute to that status."

remand for clarification of the ALJ's decision and basis for his findings. On remand, the ALJ should also clarify the Commissioner's contention that Finding No. 12 contains a typographical error.

III.

*Due Process and Hearing Notice*

Ashworth also contends that his due process rights were violated because he received a defective hearing notice. The notice stated that he was required to prove his disability as of the hearing date, but failed to inform him that he was required to prove disability as of the date last insured. The notice also failed to inform him of the date last insured. The district court concluded that there was no due process violation because the date last insured was "irrelevant with respect to the preparation of this claim . . . ." On that point, the district court is mistaken. To receive disability insurance benefits (as distinguished from supplemental security income), Ashworth was also required to prove that he was disabled as of the date he was last insured for disability benefits. *See* 42 U.S.C. § 423(a)(1)(A) (West Supp. 1996).[4]

---

[4] The Commissioner contends that this court lacks jurisdiction to consider Ashworth's claim because he failed to exhaust his administrative remedies. Although a claimant is typically required to exhaust his administrative remedies before seeking review in federal district court, *see Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994), a claimant may be excused from the exhaustion requirement under certain circumstances if the question presented is a collateral constitutional one. *See Bowen v. City of New York*, 476 U.S. 467, 483, 106 S. Ct. 2022, 2031, 90 L.Ed.2d 462 (1986); *Mathews v. Eldridge*, 424 U.S. 319, 329 n.10, 96 S. Ct. 893, 900 n.10, 47 L.Ed.2d 18 (1976). In the interest of judicial economy, we will consider Ashworth's due process claim.

7

Assuming without deciding that the notice was constitutionally deficient, we nonetheless conclude that Ashworth was not deprived of due process as a result.  The ALJ found that Ashworth was not disabled at any time through the date of decision, April 23, 1993. Ashworth does not allege that he would have been able to adduce any evidence to support a finding that he was disabled as of September 30, 1991, the date he was last insured for disability benefits.[5] Because Ashworth has not shown that he was prejudiced by the defective notice, we affirm this portion of the district court's ruling.

IV.

Accordingly, we AFFIRM the district court's ruling on Ashworth's due process claim, VACATE the district court's order dismissing Ashworth's complaint, and REMAND to the district court with instructions to remand this case to allow the ALJ an opportunity to clarify his findings.

---

[5]  Ashworth argues that had he known of the requirement that he prove a disability as of the date last insured, he would have resisted the expungement of Dr. Morin's report and cross-examined Dr. Benbow.  We are unpersuaded.  There is no indication that Dr. Morin's report would have supported such a conclusion; in fact, that report was in the record when the ALJ initially found that Ashworth was not disabled on November 13, 1989.  We likewise fail to see how a cross-examination of Dr. Benbow, whose report related to Ashworth's present disability, would have established information relevant to the earlier date-last-insured.

8